NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3762
_____

THOMAS J. SMITH, INC. and
ROCKWOOD CASUALTY INSURANCE COMPANY,

Petitioners

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR and WAYNE KOUGH,

Respondents
_____

On Petition for Review of a Final Order of the
Benefits Review Board,
United States Department of Labor
(Agency No. BRB 09-0741 BLA)
Administrative Law Judge: Hon. Michael P. Lesniak
_____

Submitted Under Third Circuit LAR 34.1(a)
April 16, 2012

Before: VANASKIE, ALDISERT and BARRY, *Circuit Judges*

(Filed: May 18, 2012)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Thomas J. Smith, Inc. ("TSI") petitions for review of a July 22, 2010, Decision and Order of the Department of Labor's Benefits Review Board ("Board") that awarded Black Lung Benefits Act benefits to Wayne E. Kough. *See* 30 U.S.C. §§ 901-944, *amended by* the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, § 1556, 124 Stat. 119 (2010). The sole issue presented in the petition is whether the Administrative Law Judge ("ALJ") erred in denying TSI's request to order Kough to submit to a post-hearing physical examination.[1] We see no error and will deny the petition for review.

## I.

Kough suffers from chronic obstructive pulmonary disease ("COPD"), resulting in a breathing impairment of sufficient severity to establish total disability. Kough filed a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-944, on April 24, 2007. TSI contested the claim, and a hearing was held before an ALJ on October 21, 2008.

Parties to federal black lung claims are required to exchange medical evidence twenty days before a hearing. *See* 20 C.F.R. § 725.456(b)(2) (stating that "documentary material, including medical reports, which was not submitted to the district director, may be received into evidence . . . if such evidence is sent to all other parties at least twenty days before a hearing is held in connection with the claim"). Both parties complied with this requirement, exchanging their expert reports in advance of the twenty-day deadline.

---

[1] We have jurisdiction to review TSI's petition under 33 U.S.C. § 921(c).

TSI had Kough examined by its medical expert, Dr. Fino, on March 26, 2008. Dr. Fino found that Kough was totally disabled by COPD, but concluded that cigarette smoking, rather than exposure to coal dust, caused the disease. Dr. Fino's report and deposition testimony were admitted into evidence by the ALJ.

Kough prepared two expert medical reports in anticipation of the administrative hearing. Dr. Rasmussen authored a report on September 9, 2008, after reviewing Kough's medical records and Dr. Fino's report. Dr. Rasmussen concluded that Kough's exposure to coal dust was a material contributing factor to his totally disabling COPD. Shortly thereafter, Dr. Begley examined Kough on September 23, 2008, and drafted a report agreeing with Dr. Rasmussen's conclusion that Kough's disability had been caused, at least in part, by his exposure to coal dust. Three days later, on September 26, 2008, Kough sent both reports to TSI – twenty-five days prior to the hearing. Accordingly, Kough satisfied the requirement that documentary material, including medical reports, be sent to the opposing party at least twenty days before the hearing. *See* 20 C.F.R. § 725.456(b)(2). TSI deposed Dr. Rasmussen about the content of his expert report on October 15, 2008. The ALJ admitted this deposition testimony into evidence. TSI did not depose or otherwise examine Dr. Begley before, during, or after the hearing.

During the ALJ hearing on October 21, 2008, and in a post-hearing brief, TSI claimed that the Rasmussen and Begley reports were "surprise evidence" and that it should be given an opportunity to rebut the reports with additional post-hearing evidence of its own. TSI sought an order from the ALJ to require Kough to submit to a post-hearing physical examination on December 5, 2008, to be conducted by Dr. Kaplan, a

3

TSI expert, who had not previously offered a medical opinion in the case. The ALJ did not order the post-hearing physical exam. Instead, the ALJ permitted TSI to submit rebuttal evidence in the form of a supplemental report by Dr. Fino; or, in the alternative, have Dr. Kaplan review the evidence of record and prepare a report. After reviewing all the evidence, which included a TSI post-hearing rebuttal report authored by Dr. Kaplan, the ALJ awarded Kough benefits. The Board affirmed.

## II.

Federal black lung adjudications must comply with the due process requirements of the Fifth Amendment and the Administrative Procedure Act ("APA"). *See N. Am. Coal Co. v. Miller*, 870 F.2d 948, 950-51 (3d Cir. 1989). The APA guarantees a party's right "to present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts." 5 U.S.C. § 556(d). The ALJ, however, retains "discretion to guide the course of the hearing . . . includ[ing] the power to make reasonable, nonarbitrary decisions regarding the admission or exclusion of evidence for procedural reasons." *See Warner-Lambert Co. v. Heckler*, 787 F.2d 147, 162 (3d Cir. 1986) (citation omitted).

TSI bears the burden "to make a strong showing that the ALJ has abused his discretion" in denying its request to order Kough to undergo a post-hearing physical examination. *Id.* (internal quotation marks and citation omitted). The ALJ's decision will be upheld unless TSI shows "that the adjudication was infected by 'some prejudicial, fundamentally unfair element.'" *Energy W. Mining Co. v. Oliver*, 555 F.3d 1211, 1219

4

(10th Cir. 2009) (quoting *Betty B Coal Co. v. Dir., Office of Workers' Comp. Program*, 194 F.3d 491, 501 (4th Cir. 1999)).

TSI argues that a post-hearing physical examination was required based on the Board's decision in *Shedlock v. Bethlehem Mines Corp.*, 9 BLR 1-195, 1986 WL 66283, and our decision in *North American Coal*, 870 F.2d 948. In *Shedlock*, the claimant timely submitted a medical report of an examination performed "just prior" to the twenty-day deadline. *Shedlock*, 1986 WL 66283, at *4. In response, the employer had the claimant examined by a different doctor eighteen days before the hearing. *Id*. The ALJ did not admit the employer's examination report, citing the twenty-day rule. *Id*. The Board reversed, holding that the claimant's submission of a medical examination report "just prior to the deadline imposed by the 20-day rule for submitting documentary evidence into the record, coupled with the administrative law judge's refusal to allow employer the opportunity to respond to claimant's introduction of this 'surprise' evidence, constituted a denial of employer's due process right to a fair hearing." *Id.*

The Board later clarified that *Shedlock* "merely requires that [the] employer be given some opportunity to respond to evidence submitted immediately prior to the 20 day deadline," but does not "require that [the] employer be allowed to have the claimant re-examined." *Owens v. Jewell Smokeless Coal Corp.*, 14 BLR 1-47, 1990 WL 284129, at *1 (*en banc*). Accordingly, TSI had the right to submit rebuttal evidence in some form, but did not have the automatic right to an examination after the hearing. The Board concluded that the ALJ's decision to permit TSI to rebut Kough's experts' reports with its

own medical report, in lieu of an additional post-hearing examination, was a reasonable exercise of his discretion.

In *North American Coal*, we reviewed an ALJ decision that denied an employer the opportunity to respond to evidence that was timely submitted by the claimant on the eve of the twentieth day before the hearing. By refusing to permit the employer to develop any responsive evidence, the ALJ violated the employer's due process right to a full and fair hearing. *See N. Am. Coal Co*., 870 F.2d at 951-52. We, however, did not specifically state that the employer had the right to have the claimant re-examined. The rebuttal evidence offered by the employer, and improperly disallowed, was a report from a physician which critiqued the reports submitted by the claimant. *Id*. at 952. The employer was also prohibited from cross-examining the claimant's expert "although it did all that it could in seeking from the ALJ an opportunity" to do so. *Id*. at 951. We found that the ALJ violated the employer's due process rights by providing "no opportunity" to submit any responsive evidence. *Id.* at 953.

Unlike *North American Coal*, TSI had ample opportunity to dispute Kough's experts' findings and present its own evidence to ensure a fair hearing. TSI's medical expert, Dr. Fino, physically examined Kough prior to the hearing and submitted an expert report based on that examination and other evidence. TSI then had the opportunity to cross-examine Dr. Rasmussen about the contents of his report prior to the hearing. Although the ALJ denied TSI's request for a post-hearing examination, TSI was given alternative avenues to present rebuttal evidence in the form of a supplemental report by Dr. Fino or the submission of a new report by Dr. Kaplan based on a review of the

evidence of record. TSI availed itself of this opportunity by submitting a post-hearing medical report authored by Dr. Kaplan, which the ALJ admitted and weighed in its decision-making process.

In sum, the ALJ afforded TSI a meaningful opportunity to present evidence at every juncture of the proceeding. Neither the APA, relevant regulations, nor our precedent dictates that TSI had the additional right to conduct a post-hearing physical examination. Accordingly, the ALJ did not abuse its discretion in denying TSI's request.

III.

For the foregoing reasons, we will deny the petition for review.